[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S POST-JUDGMENT MOTION FOR ORDER (212)
 I.
The plaintiff's motion alleges that the defendant retains a CT Page 3503 portion of the collection of photographs and other items enumerated in paragraph 7 of the memorandum of decision.
The plaintiff was given access to the defendants home pursuant to a post-judgment entered in this case (Tierney, J.) A list in triplicate was utilized by the parties.
Except for one little box of daguerreotypes that was found at the conclusion of plaintiff's visit, the court concludes that the plaintiff obtained all of the items to which she was entitled.
As to the Edward S. Curtis photograph that plaintiff professed not to have taken, she admitted it was in her hand. The defendant cannot be held responsible for the plaintiff's failure remove it or for her misplacing it (Plaintiff's Exhibit #3).
The court accepts the defendant's explanation that a few toys in dispute have no value that they were worn, broken or no further use to anyone. The court also accepts the defendant's explanation that the plaintiff had ample opportunity to obtain all of the items that were in existence. The defendant then does not intend to undo the frailty of that act. The court concludes that the division made pursuant to the memorandum of Decision dated May 29, 1998 (Tierney, J) is complete.
 II.
The parties dispute the meaning of the courts order regarding the performance units defendant was awarded in 1994, 1995, 1996 and 1997. The wording is found in the court's memorandum dated January 12, 1998 (194) de defendant's Motion for Reargument (182):
 "Issue #7. The court will change the word `invested' to `read' payable to defendant as earned as of the date of judgment.' The court intended any proceeds to be post-tax."
The court chose the word "earned" to indicate that they were divisible immediately, not when they matured. The plaintiff's position is correct. The fact that the defendant had to remain employed does not insulate the units. If he did not remain employed there would be nothing to divide. However, he has remained employed, and the units are maturing and must be divided with the plaintiff. CT Page 3504
The court understands that the other issues have been resolved by the parties concerning the defendants pension, ESOP shares and profit sharing savings.
So Ordered.
HARRIGAN, J.